UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joseph William Gersich,

          Plaintiff,

  vs.                    REPORT AND RECOMMENDATION

Frank Gersich III, Jewell
Pollard, Kimberly J. Corradi,
James Perunovich, Michael
Bolf, Andy Borland, Jon
Abraham, Paula Abraham,
and Anita Raushel,

          Defendants.         Civ. No. 06-2658 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Joseph William Gersich for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which

follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed for lack of subject matter jurisdiction.

## II.  Factual and Procedural Background

The Plaintiff's Complaint is a rambling and poorly drafted narrative, which recounts the alleged wrongs that the Defendants have perpetrated on the Plaintiff, in connection with a purported eviction.  As best as we can discern, the Plaintiff is the stepson of a woman named Alice Gersich ("Alice"), with whom the Plaintiff lived for several years.  The Plaintiff alleges that in April of 2005, the Defendant Jewell Pollard ("Pollard") initiated legal proceedings to have Alice declared legally incompetent.  The Defendant Michael Bolf ("Bolf") allegedly notarized the "statement" on which those proceedings were based.

On June 3, 2005, Pollard was appointed as Alice's guardian, and the Defendant Frank Gersich III ("Frank"), who apparently is the Plaintiff's brother, was appointed to be Alice's "guardian and conservator."  It appears that, shortly thereafter, Alice left the home she had been sharing with the Plaintiff.  The Plaintiff alleges that he continued to live there, and that he paid some of the utility bills, as well as other various expenses for the maintenance of the home.  Frank sent the Plaintiff a proposed "property use agreement," but the Plaintiff evidently chose not to accept that proposed agreement.

Frank subsequently brought an eviction action to have the Plaintiff removed from the property.

The Plaintiff alleges that he was finally evicted from the property in April of 2006. He further alleges that Frank seized and stored some of his and Alice's personal property, as part of the eviction process. The Plaintiff has been attempting to determine what happened to all of that property, but allegedly, his efforts have been obstructed by Frank, and by the Defendant Kimberly J. Corradi ("Corradi"), who is identified only as a person who is "representing Alice." Complaint, at ¶4.

At some point, Frank allegedly stated that "the proceeds from the sale of the homestead would go to Alice Gersich's estate," see, Complaint, at unnumbered p. 3, which suggests that Frank intended to sell Alice's home. However, the Plaintiff alleges -- at least impliedly -- that Frank has already realized some profits from his "actions as conservator" of Alice's estate. The Plaintiff's Complaint intimates that he believes that Frank intends to misappropriate or misuse the proceeds from the sale of Alice's home.

The Plaintiff is seeking to sue Frank, Pollard, Corradi, Bolf, as well as five (5) additional Defendants, who are not mentioned by name in the substantive allegations of the Complaint. One of those five additional Defendants -- James Perunovich --

apparently works at the same Hibbing, Minnesota, law office as Kimberly J. Corradi. See, Complaint, at ¶2. Three Defendants -- Jon Abraham, Paula Abraham and Anita Raushel -- are identified only as affiliates of Abraham Real Estate, in Chisholm, Minnesota. The Plaintiff does not specify what connection the Defendant Andy Borland has to any of the allegations in the Complaint.

The Plaintiff is seeking a judgment against the Defendants in this case that would: a) remove Pollard and Frank from their respective positions as Alice's guardian and guardian/conservator; b) reimburse him for the expenses he incurred, as well as work the reinstatement of "the same level of maintenance that Alice Gersich gave me," while he was living in Alice's home; c) preserve his personal property; and (d) block the sale of Alice's home.

### III. Discussion

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Here, the civil cover sheet submitted with the Plaintiff's Complaint reflects that he is attempting to bring this action in Federal Court based on the Diversity of Citizenship Statute, Title 28 U.S.C. § 1332.[1] However, diversity of citizenship exists, for purposes of establishing Federal Subject Matter Jurisdiction, only "where no defendants hold citizenship in a state where any plaintiff holds citizenship." Capitol Indemnity Corp. Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004), citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). In this case, it clearly appears, on the face of the Complaint, that the Plaintiff and some of the named Defendants reside in the same state, namely Minnesota. Therefore, the complete diversity of citizenship, which is required to establish Federal Subject Matter Jurisdiction under Section 1332, does not exist in this case. Id. ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 29 U.S.C. §1332(a).

---

[1]Although the Complaint mentions "the Americans with Disabilities Act," and "the Fair Credit Reporting Act," this action clearly cannot be brought under the Federal Question Statute, 28 U.S.C. §1331, because the Complaint does not include any factual allegations that could support any cause of action under either of those laws. There are no allegations suggesting that any of the named Defendants are subject to either of those laws, and even if we presumed that their actions were covered by those laws, there are no allegations suggesting that the Defendants violated those laws in any fashion.

Furthermore, the Complaint does not reflect that the Plaintiff is seeking damages that exceed the $75,000.00 jurisdictional threshold set by Section 1332(a). Moreover, there are no factual allegations which reveal that the Plaintiff has suffered any compensable injury which would support a Judgment in his favor that could exceed the $75,000.00 jurisdictional threshold. While we cannot say, to a legal certainty, that no recovery for the Plaintiff would exceed $75,000.00, such a recovery has not been pled, and no facts support a recovery in that, or in some greater amount. Even if complete diversity were present, we would be forced to issue an Order for the Plaintiff to show cause that his damages would exceed the threshold amount for diversity jurisdiction to properly lie.   See  Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)(regardless of the amount of  money a plaintiff requests, Federal courts can -- and should -- refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'"), quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see also, Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000)("The complaint will be dismissed if it appears 'to a legal certainty' that the value of the claim is actually less than the required amount").  Here the issuance of such an Order to Show Cause would be futile in the absence of complete diversity.

Thus, we conclude that Federal Subject Matter Jurisdiction is lacking, and accordingly, that this case must be summarily dismissed for want of subject matter jurisdiction.[2] Based upon our determination that this matter must be summarily dismissed for lack of jurisdiction, we also recommend that the Plaintiff's IFP application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint be summarily dismissed, without prejudice, for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

---

[2]Ordinarily, a guardianship, or conservatorship, is granted only upon the Order of a State Court, and the conduct of the guardian, or conservator, is reviewable by the Court making such an appointment. See, Minnesota Statutes Section 524.5-401. In addition, Minnesota law makes plain that "exclusive jurisdiction to determine how the estate of the protected person which is subject to the laws of th[e State of Minnesota] must be managed, expended, or distributed to or for the use of the protected person, individuals who are in fact dependent upon the protected person, or other claimants," is vested in the Court appointing the guardian, or conservator. See, Minnesota Statutes Section 524.5-402. From what we gather to be the Plaintiff's allegations, these Minnesota Statutes would appear to apply thereby entrusting the Plaintiff's grievances to the Minnesota State Courts. Although we do not make such a factual finding, given the obscurity of the Plaintiff's Complaint, we make this observation since the Minnesota Courts have plenary jurisdiction, while this Court has, purposefully, limited jurisdiction.

2.    That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied, as moot.

Dated: July 11, 2006                                     s/Raymond L. Erickson
                                                          Raymond L. Erickson
                                                          CHIEF U.S. MAGISTRATE JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 28, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 28, 2006**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.